**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-cv-00194-MOC-DSC**

| | | |
|---|---|---|
| **AMERICAN & EFIRD LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **MEMORANDUM AND RECOMMENDATION** |
| | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PITTSFIELD PLASTICS** | ) | |
| **ENGINEERING, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant/Third** | ) | |
| **Party Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **METRO PLASTICS, INC.,** | ) | |
| **SOLOMON CAPITAL, LLC and** | ) | |
| **CSS INDUSTRIES, INC.,** | ) | |
| | ) | |
| **Third Party Defendants.** | ) | |
| | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Third Party Defendant CSS Industries, Inc.'s "Motion to Dismiss [Amended Third Party Complaint]" (document #21) filed August 2, 2012, as well as the parties' briefs and exhibits. See documents ##21-1, 22, 23 and 24.

On May 29, 2012, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motion be granted, as discussed below.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On March 27, 2012, Plaintiff filed a Complaint against Defendant claiming damage to its thread products by the leaching of color from kingspools manufactured by Defendant. Plaintiff seeks damages exceeding $500,000.

On May 7, 2012, Defendant filed its Answer along with a Third Party Complaint against Third Party Defendants Metro Plastics, Inc. ("Metro"), Solomon Capital, LLC (Solomon") and CSS Industries, Inc. ("CSS"). On July 11, 2012, Defendant filed a timely Amended Third Party Complaint (document #18).

Accepting the factual allegations of the Answer and Amended Third Party Complaint as true, Defendant manufactures kingspools which customers such as Plaintiff use to wind their thread products. The primary raw material used to make the kingspools comes from polypropylene pellets. Some pellets are made of non-recycled or virgin polypropylene material, while others are made from recycled material.

Defendant purchased the polypropylene pellets at issue from Metro. Metro had purchased the pellets from either Solomon or CSS. Any pellets Solomon sold to Metro were purchased from CSS.

Defendant alleges that "an independent laboratory tested the ... pellets…" sold by CSS and determined that their chemical composition was "incompatible for the use intended" because they were made from recycled polypropylene. Document #18 at ¶15.

In its Answer, Defendant affirmatively alleges that it was aware that CSS's product was recycled and that damage would likely occur. Document #7 at 4. As an affirmative defense, Defendant pled that they, along with Plaintiff, were aware that the kingspools they sold Plaintiff were "made of recycled polypropylene...." and that they warned Plaintiff of the risks associated

2

with using the recycled product. Id. Specifically, Defendant alleges that "[d]espite [Defendant's] recommendations and warnings to the contrary, Plaintiff elected to purchase kingspools from [Defendant] which were made of recycled polypropylene material." Id.

As amended, the Third Party Complaint states claims against CSS for breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, negligence, strict liability, and indemnity. The indemnity claim is brought pursuant to N.C. Gen. Stat. § 25-2-312.

On August 2, 2012, CSS filed its "Motion to Dismiss," arguing that Defendant's Third-Party claims are barred by its admitted knowledge of the defective product.

In its opposition brief, Defendant states that its Third Party Complaint "is couched in alternative or conditional language, clearly exhibiting its intent that CSS is liable to [Defendant] on the condition that [Defendant] is found to be legally liable to Plaintiff." Document #23 at 7.

The Motion has been fully briefed and is ripe for determination.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009), quoting

Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. 129 S. Ct. at 1951. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1951 (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true), citing Twombly, 550 U.S. at 554-55. Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 1950.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 1951. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id., quoting Fed. R. Civ. P. 8(a)(2). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id. at 1951-52.

The Court has carefully reviewed the record and finds that Defendant's Third Party claims are plead in the alternative, that is, to be asserted only if Plaintiff prevails on its claims against Defendant. This stands in sharp contrast to the unequivocal factual allegations in Defendant's Answer that it had knowledge of both the defective product and risk of loss, and went so far as to warn Plaintiff.

Whether Pennsylvania or North Carolina law applies, the opportunity to inspect the product - or in this case, actual knowledge of the defect – bars any claim for breach of implied warranties. N.C. Gen. Stat. § 25-2-316(3)(b); 13 Pa.C.S. § 2316. Similarly, under Pennsylvania and North Carolina law, Defendant's allegations do not support claims for strict liability or negligence. Moore v. Coachmen Indus., 129 N.C. App. 389, 402 (NC App. 1998) (no remedy in tort for defective product where damage is economic); Azzarello v. Black Cros. Co., 480 Pa. 547, 553 (Pa. 1978) (strict liability will not apply unless product is "unreasonably dangerous"); N. C. Gen. Stat. § 99B-1.1 (no strict liability in product liability actions). Defendant brings its indemnification claim under N.C. Gen. Stat. § 25-2-312. This provision relates to a breach of warranty of title. Defendant does not allege that CSS was not the owner of the pellets it sold, so this claim also fails.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Third Party Defendant CSS Industries, Inc.'s "Motion to Dismiss [Amended Third Party Complaint]" (document #21) be **GRANTED** and that the Amended Third Party Complaint (document #18) be **DISMISSED WITH PREJUDICE** as to Third Party Defendant CSS Industries, Inc.

# IV.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same.  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: September 11, 2012

David S. Cayer
United States Magistrate Judge