# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12cv194

| | |
|---|---|
| **AMERICAN & EFIRD LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | |
| **PITTSFIELD PLASTICS ENGINEERING,** ) | |
| **INC.,** ) | |
| ) | |
| Defendant/Third ) | |
| Party Plaintiff, ) | |
| ) | |
| Vs. ) | **AMENDED** |
| ) | **ORDER** |
| **METRO PLASTICS, INC.; SOLOMON** ) | |
| **CAPITAL, LLC; and CSS INDUSTRIES,** ) | |
| **INC.,** ) | |
| ) | |
| Third Party ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed by defendant/third party plaintiff Pittsfield Plastics Engineering, Inc. Finding no error in the Memorandum and Recommendation, the court will overrule those objections and affirm the recommendation of the magistrate judge.

I.

The *Federal Magistrates Act of 1979,* as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings

-1-

or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

II.

In this case, Honorable David S. Cayer, United States Magistrate Judge, determined that regardless of whether Pennsylvania or North Carolina law were applied, the defendant's opportunity to inspect the product and actual knowledge of the defect stands in bar to any claim for breach of implied warranties and that under state's law, defendant's allegations do not support claims for strict liability or negligence. See M&R, p. 5 (citing Moore v. Coachmen Indus., 129 N.C. App. 389, 402 (NC App. 1998) (no remedy in tort for defective product where damage is economic); Azzarello v. Black Cros. Co., 480 Pa. 547, 553 (Pa. 1978) (strict liability will not apply unless product is "unreasonably dangerous"); N. C. Gen. Stat. § 99B-1.1 (no strict liability in product liability actions)). Further, the magistrate judge found that defendant brought its indemnification claim under N.C. Gen. Stat. § 25-2-312, which relates to a breach of warranty of title, and because defendant did not allege that CSS was not the owner of the pellets it sold, the breach of warranty of title fails. Based on such

conclusions, the magistrate judge recommended that CSS's Motion to Dismiss Amended Third Party Complaint be granted and that the Amended Third Party Complaint be dismissed with prejudice as to CSS under Rule 12(b)(6), Federal Rules of Civil Procedure.

III.

Defendant objects to such recommendation, arguing that the magistrate judge failed to apply the law pled by it in its Third Party Complaint and Memorandum in Opposition to CSS's Motion to Dismiss. Defendant contends that when Massachusetts law is applied, it states claims against CSS under which relief may be granted.

IV.

Defendant appears to argue that the magistrate judge was obligated to review the Rule 12(b)(6) motion under Massachusetts law as that was the law cited by defendant in its Amended Third Party Complaint and responsive brief. While this court construes the factual allegations of a complaint in a light most favorable to the party resisting a Rule 12(b)(6) motion, such deference does not extend to a party's choice of laws. As a federal court sitting in diversity jurisdiction, this court must apply the law of the state in which it sits, including the choice of law rules of the forum state. Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941).

The underlying facts of this dispute are not in question for purposes of the pending motion. CSS in Berwick, Pennsylvania sold plastic scrap to Solomon Capital in Berwick, Pennsylvania, which in turn sold plastic scrap to Metro Plastics of New Jersey. Metro Plastics then sold the plastic scrap to defendant (located in Massachusetts), which then sold the scrap to American & Efird in North Carolina. The scrap, in pellet form, allegedly failed during American Efird's manufacturing processes in North Carolina. It appears undisputed that the last act in this transaction was American & Efird's purchase and use of raw material

in North Carolina, while the last act by CSS was its sale of scrap to Solomon in Pennsylvania.

In objecting to the recommendation, defendant argues that Massachusetts law should have been applied because they are located in Massachusetts, which is a result that it contends would be directed by applying Tanglewood Land Co. v. Wood, 40 N.C. App. 133 (1979). In Tanglewood, the Court of Appeals applied the doctrine of *Lex loci celebrationis* (a.k.a. *Lex loci contractus*) in finding that under the contract, Virginia law applied to a sale of Virginia land. Id., at 136-37. The decision in Tanglewood, however, does not apply. North Carolina's Uniform Commercial Code (UCC) adopts an "appropriate relation" analysis rather than *Lex loci contractus*. See N.C.Gen.Stat. § 25-1-105. As the North Carolina Supreme Court made clear subsequent to Tanglewood,

> [t]he provisions of G.S. § 25-1-105 were intended to change the rigid conflict of laws rules. The old rules must give way to the requirements of the Code. In determining which jurisdiction's law is applicable to actions based on breach of warranty, we no longer look only to where the contract was made or where it was intended to be performed. Rather, we look to whether the transaction bears an appropriate relation to the State.
> We hold that although the mouth guard may have been purchased in Massachusetts and manufactured in Canada, its use in the hockey game in North Carolina wherein the plaintiff suffered his injuries is a "transaction bearing an appropriate relation to this State" within the meaning of G.S. § 25-1-105 so that the law of this State governs the trial of his claims for breach of warranties. The plaintiff did not suffer the damages from any breach of warranty for which he seeks recovery until the hockey game in North Carolina. We do not deem it an undue burden on the defendants Cooper that liability for alleged damage caused by their product is governed by a place other than that where it was manufactured or purchased. Defendants Cooper are corporations conducting business on a multi-national scale and clearly should foresee the use of their products in any state within this nation. Plaintiff suffered his injury in this State and brought his action in its courts; the substantive as well as the procedural laws of this State govern his claim.

Bernick v. Jurden, 306 N.C. 435, 442-443 (1982). Like the allegedly defective mouth guard in Bernick that was manufactured in Canada and sold in Massachusetts, the ultimate damage

−4−

occurred in North Carolina when American & Efird attempted to use the allegedly defective plastic pellets. As a "transaction bearing an appropriate relation to this State" within the meaning of G.S. § 25-1-105, the law of North Carolina governs the claims asserted by defendant against CSS. In any event, under the corresponding Massachusetts statute, § 2-316, "Exclusion or Modification of Warranties," the result recommended by the magistrate judge would be the same: "(3) Notwithstanding subsection (2) (a) unless the circumstances indicate otherwise, all implied warranties are excluded . . . (b) when the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the goods there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him ...." Under the law of any state which has adopted the UCC, there simply is no warranty where there was an opportunity to inspect. In its Answer, defendant affirmatively alleges that it was aware that CSS's product was recycled and that damage to plaintiff's thread products would likely occur as the kingspools would leach color. Document #7 at 4. As an affirmative defense, defendant pled that it and plaintiff were aware that the kingspools they sold plaintiff were "made of recycled polypropylene" and that they warned plaintiff of the risks associated with using the recycled product. Id. Specifically, defendant alleges that "[d]espite [defendant's] recommendations and warnings to the contrary, Plaintiff elected to purchase kingspools from [Defendant] which were made of recycled polypropylene material." Id. Thus, under the UCC, defendant cannot maintain a claim against CSS.

V.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such

determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Objections of defendant (#26) are **OVERRULED**, the Memorandum and Recommendation (#25) is **AFFIRMED,** and Third Party Defendant CSS Industries, Inc.'s Motion to Dismiss Amended Third Party Complaint ( #21) is **GRANTED,** and the Amended Third Party Complaint (#18) is **DISMISSED** as to Third Party Defendant CSS Industries.

Signed: November 8, 2012

Max O. Cogburn Jr.
United States District Judge