# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### 3:12cv194

| | | |
|---|---|---|
| AMERICAN & EFIRD LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| PITTSFIELD PLASTICS ENGINEERING, | ) | |
| INC., | ) | |
| | ) | |
| Defendant/Third | ) | |
| Party Plaintiff, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | ORDER |
| METRO PLASTICS, INC.; and SOLOMON | ) | |
| CAPITAL, LLC; | ) | |
| | ) | |
| Third Party | ) | |
| Defendants. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| METRO PLASTICS, INC., | ) | |
| | ) | |
| Third Party Plaintiff, | ) | |
| | ) | |
| Vs. | ) | |
| | ) | |
| CSS INDUSTRIES, INC., | ) | |
| | ) | |
| Third Party Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the court on review of defendant/third-party plaintiff

-1-

Pittsfield Plastics Engineering, Inc.'s ("Pittsfield") "Motion for Reconsideration or Alternatively, Objection to Order" (#53).[1]  The court has construed such motion to be an objection to Judge Cayer's Order (#52), which denied Pittsfield's "Motion for Leave to File First Amended Answer and Second Amended Third Party Complaint" (#43) for reasons stated in CSS Industries, Inc.'s  ("CSS") Response (#47).  The court also has before it CSS's "Response" (#57) to Pittsfield's Objection.  Finally, the court has before it Pittsfield's Reply to Response of CSS (#60), which would be proper as to the Motion for Reconsideration under L.Cv.R. 7.1, but is not allowed as to the Objection as Rule 72 does not permit a reply.[2]

In his Order, Judge Cayer determined that as to CSS, Pittsfield was attempting to amend its Third-Party Complaint, which this court had previously dismissed under Rule 12(b)(6).  See Order (#35).  Close review of the proposed "First Amended Answer and Second Amended Third-Party Complaint" reveals that Judge Cayer was correct as Pittsfield had again included CSS as a third-party defendant in its proposed pleading.  See Motion to Amend (#43), Ex. 1 (#43-1) at 8.  As the Court of Appeals for the Fourth Circuit recently reiterated,

> a motion to amend filed after a judgment of dismissal has been entered cannot be considered until the judgment is vacated. *See Laber*, 438 F.3d at 427 ("[T]he district court may not grant the post-judgment motion [to

---

1       Pittsfield is advised that combining a motion to reconsider with an objection is procedurally awkward as it seeks relief from  two separate judges, under two different standards, as to which different rules of pleading apply.

2       Unlike Rule 72(b)(2), Fed.R.Civ.P., Rule 72(a) does not even provide for a response.  Courts have generally credited such to oversight in drafting and will, as here, usually allow a response.  A reply is not contemplated  even under Rule 72(b)(2).

amend] unless the judgment is vacated pursuant to Rule 59(e) or [Rule] 60(b)"); *Mayfield v. NASCAR*, 674 F.3d 369, 378 (4th Cir.2012) ("[T]he district court may not grant [a Rule 15(a) ] motion unless the judgment is vacated pursuant to Rule 59(e) or Rule 60(b)" (alterations in original) (citation omitted)); *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 (4th Cir.2011) (same). Because Calvary did not file a motion to vacate the district court's judgment of dismissal, we have no occasion to consider whether the district court correctly applied Rule 15 standards.

Calvary Christian Center v. City of Fredericksburg, Va., ___ F.3d ___, 2013 WL 1019388 (4th Cir. March 15, 2013). Thus, Judge Cayer quite properly denied Pittsfield's attempt to revive via Rule 15 a claim that had been earlier dismissed and this court fully adopts and affirms the Order of Judge Cayer in its entirety.

The objection lodged by Pittsfield appears, instead, to take issue with the implicit denial of the Motion to Amend insofar as it applied to Pittsfield's proposed amendments which related to plaintiff American & Efird LLC ("American"), third-party defendant Metro Plastics, Inc. ("Metro"), and defaulted third-party defendant Solomon Capital, LLC ("Solomon"). Clearly, well-settled case law prevented Judge Cayer from allowing the proposed First Amended Answer and Second Amended Third Party Complaint from o going forward as such pleading contained claims against a party which had been earlier dismissed.

To the extent that Pittsfield's objection is based on Judge Cayer not allowing amendment as to those parts of the proposed pleading that were not found to be improper, Judge Cayer was not required to rewrite the proposed amendment by separating the wheat from the chaff, especially where the proponent is well represented by counsel.

-3-

Inasmuch as there is little limitation under Rule 15 on any party filing a new motion to amend at *almost* any time, Fed.R.Civ.P. 15(b), Pittsfield should simply file a new motion accompanied by a proposed amendment that eliminates the problems found by Judge Cayer. While Pittsfield has annexed a second proposed "First Amended Answer and Second Amended Third Party Complaint" (#53-1) to its Objection (which eliminates CSS as a third-party defendant ), such new amendment is not ripe for consideration in the first instance on Pittsfield's Objections. By filing a new motion supported by a memorandum of law, all interested parties will have an opportunity to respond prior to Judge Cayer's consideration of that motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant/third-party plaintiff's Motion for Reconsideration or Alternatively, Objection to Order (#53) is **DENIED**, and Judge Cayer's Order (#52) is fully **AFFIRMED.**

Signed: March 21, 2013

Max O. Cogburn Jr.
United States District Judge