IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-cv-00194-MOC-DSC

| | |
|---|---|
| AMERICAN & EFIRD LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| PITTSFIELD PLASTICS | ) |
| ENGINEERING, INC., | ) |
| | ) |
| Defendant/Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| METRO PLASTICS, INC., SOLOMON CAPITAL, | ) |
| LLC, | ) |
| | ) |
| Third-Party Defendants | ) |
| | ) |
| and | ) |
| | ) |
| METRO PLASTICS, INC., | ) |
| | ) |
| Third-Party Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| CSS INDUSTRIES, INC., | ) |
| | ) |
| Third-Party Defendant. | ) |
| | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Third Party Defendant CSS Industries, Inc.'s Motion to Dismiss" (document #55) filed on March 18, 2013 and the parties' associated briefs and exhibits. (See documents # 56, 61 and 63).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C.

1

§ 636(b)(1), and is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that "Third Party Defendant CSS Industries, Inc.'s Motion to Dismiss" be <u>granted</u>, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On March 27, 2012, American & Efird LLC ("A&E") filed a Complaint against Pittsfield Plastics Engineering, Inc. ("Pittsfield") claiming damage to its thread products by the leaching of color from kingspools manufactured by Pittsfield. A&E seeks damages exceeding $500,000.

On May 7, 2012, Pittsfield filed its Answer along with a Third Party Complaint against Third Party Defendants Metro Plastics, Inc. ("Metro"), Solomon Capital, LLC (Solomon") and CSS Industries, Inc. ("CSS"). On July 11, 2012, Pittsfield filed a timely Amended Third Party Complaint (document #18). On August 2, 2012, CSS filed its "Motion to Dismiss" (document #15). On September 11, 2012, the undersigned recommended granting that Motion to Dismiss. (document #25). On October 16, 2012, District Judge Max O. Cogburn, Jr. adopted the undersigned's recommendation and granted the Motion dismissing the Amended Third Party Complaint against CSS (document #29).

On January 14, 2013, Metro filed an Answer to Pittsfield's Amended Third Party Complaint, a Cross Claim against Solomon and a Third Party Complaint against CSS (document #46). The Third Party Complaint against CSS alleges breach of implied warranties, strict liability and negligence. On February 28, 2013 CSS filed its "Motion to Dismiss" arguing that Metro's claims are a restatement of Pittsfield's claims against CSS that have been previously dismissed by the Court. CSS also argues that there is no legal or factual basis for the allegations in the Third Party Complaint.

Metro responds that its claims against CSS are based upon new discovery, namely that the defect in the recycled polypropylene resulted from the addition of excess red dye to the product.

The Motion has been fully briefed and is ripe for determination.

## II. DISCUSSION

### A. Standard of Review

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not

3

assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)). In other words, if after taking the complaint's well-pleaded factual allegations as true, a lawful alternative explanation appears a "more likely" cause of the complained of behavior, the claim for relief is not plausible. Id.

**B. Claims against CSS**

The Court has carefully reviewed the record and finds that Metro answered Pittsfield's Third Party Complaint (document #18) regarding CSS's involvement in this transaction by admitting that "Metro is without sufficient knowledge to either admit or deny such allegations and therefore denies such allegations." (document #46 ). Metro subsequently restated those same allegations in its Third Party Complaint against CSS.

Metro argues that it should be allowed to plead in the alternative. The undersigned agrees that a party may plead alternative theories of recovery based upon a set of facts. However, a party cannot plead an alternative set of facts. Rule 11 requires that "factual contentions have evidentiary

4

support, or, if specifically so identified, will likely have evidentiary support…" Fed. R. Civ. P. 11(b)(2). Metro must have factual support for its claims against CSS. Metro admits in paragraphs 78-106 of its Answer that it has no knowledge of the facts surrounding CSS's involvement in this transaction. Therefore, it cannot assert those facts in its pleadings. See <u>Myrtle Apartments, Inc. v. Lumbermen's Mut. Casualty Co.</u>, 127 S.E.2d 759, 761 (N.C. 1962)("[W]hen a plaintiff alleges he does not have sufficient knowledge or information to form a belief as to particulars, he disqualifies himself to allege them as facts."). In short, Metro may not claim ignorance as to a set of facts as a shield and then plead the existence of the same facts as a sword.

Finally, Metro brings its claims under the laws of Massachusetts and Pennsylvania. The Court has ruled that North Carolina law applies in this case. See Order, document 29, p. 5.

### III. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that Third Party Defendant CSS Industries, Inc.'s Motion to Dismiss" (document #55) be GRANTED.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 201 (4th Cir. 1997); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. <u>Thomas v. Arn</u>, 474 U.S. 140, 147

(1985); <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Wells</u>, 109 F.3d at 201; <u>Wright v. Collins</u>, 766 F.2d 841, 845-46 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the parties' counsel; <u>and to the Honorable Max O. Cogburn, Jr.</u>

**SO RECOMMENDED**.

Signed: April 9, 2013

David S. Cayer
United States Magistrate Judge