UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:12-cv-00194-MOC-DCK

| | |
|---|---|
| AMERICAN & EFIRD LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | |
| PITTSFIELD PLASTICS ENGINEERING, ) | |
| INC., ) | |
| ) | |
| Defendant/Third-Party ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | ORDER AFFIRMING |
| METRO PLASTICS, INC.; and SOLOMON ) | SECOND MEMORANDUM |
| CAPITAL, LLC; ) | and RECOMMENDATION |
| ) | |
| Third-Party ) | |
| Defendants, ) | |
| ) | |
| and ) | |
| ) | |
| METRO PLASTICS, INC., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| Vs. ) | |
| ) | |
| CSS INDUSTRIES, INC., ) | |
| ) | |
| Third-Party Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

On January 14, 2013, Metro filed an Answer to Pittsfield's Amended Third Party Complaint, a Cross Claim against Solomon and a Third Party Complaint against CSS (#46). The Third Party Complaint against CSS asserts breach of implied warranties, strict liability and negligence. On February 28, 2013, CSS filed its "Motion to Dismiss"

arguing that Metro's claims are a restatement of Pittsfield's claims against CSS that have been previously dismissed by the court. CSS also argues that there is no legal or factual basis for the allegations in the Third Party Complaint.

On April 9, 2013, the magistrate judge issued a Memorandum and Recommendation on CSS's Motion to Dismiss. In that Recommendation, the magistrate judge determined that in Metro's Answer to Pittsfield's Third Party Complaint (#18), Metro ultimately denied Pittsfield's allegations concerning CSS's involvement in the transaction. Answer (#46 ). Metro, however, subsequently restated the same allegations it had earlier denied in support of its Third Party Complaint against CSS. In response to CSS's Motion to Dismiss, Metro argued that it should be allowed to plead in the alternative, a proposition in which the magistrate judge concurred, but determined that while a party could plead alternative legal theories, they could not plead alternative sets of facts. M&R (#66) at 4. The magistrate judge found that because Metro admitted in paragraphs 78-106 of its Answer that it did not have knowledge of the facts surrounding CSS's involvement in the transaction, it could not assert those facts in its pleadings.

The magistrate judge is quite correct in his determination. As this court has previously held, North Carolina law is applicable to this matter and it well settled under the state's law that "when a plaintiff alleges he does not have sufficient knowledge or information to form a belief as to particulars, he disqualifies himself to allege them as facts." Myrtle Apartments, Inc. v. Lumbermen's Mut. Casualty Co., 127 S.E.2d 759, 761 (N.C. 1962). While the court has carefully considered Metro's objections to the Recommendation, they are simply restatements of its argument in response to the Motion

to Dismiss. Metro's argument that it may later discover facts that could support it claims is not sufficient to support its argument that its claims are viable. Indeed, if Metro finds facts during discovery that would support assertion of claims against CSS, it will certainly be at liberty to file a Motion to Amend based on newly discovered evidence. To give teeth to such possibility, the court will specifically make the dismissal herein without prejudice. As noted by the magistrate judge, however, the court will not condone alternative fact pleading, and any potential amendment or addition or claims will need to be paired with Metro amending its Answer to Pittsfield's pleading.

Finally, as to Metro's claims brought under Massachusetts and Pennsylvania law, this court has already determined that North Carolina law applies in this case. <u>See</u> Order (#29) at 5. Such determination constitutes law of the case. If Metro desires to bring the claim(s) which it did not assert under North Carolina law, it should move to amend.

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#66) is **AFFIRMED,** Third-Party Defendant CSS Industries, Inc.'s Motion to Dismiss (#55) is **GRANTED,** and the third-party claims asserted by Metro against CSS are **DISMISSED WITHOUT PREJUDICE**. CSS's request for its fees and costs under

Rule 11 in bringing the Motion to Dismiss is **DENIED** as there is no indication in such request that the prerequisites to such an award were met by CSS.

Signed: May 14, 2013

Max O. Cogburn Jr.
United States District Judge