# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil Action No.: 3:12-CV-00194

| | |
|---|---|
| **AMERICAN & EFIRD LLC,**<br><br>  Plaintiff,<br><br> v.<br><br>**PITTSFIELD PLASTICS ENGINEERING, INC.,**<br><br>  Defendant/Third-Party Plaintiff,<br><br> v.<br><br>**METRO PLASTICS, INC.,**<br><br>  Third-Party Defendant. | **STIPULATED PROTECTIVE ORDER** |

  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff American & Efird LLC, Defendant Pittsfield Plastics Engineering, Inc. and Third-Part Defendant Metro Plastics, Inc. ("Party" or "Parties") stipulate to the issuance of the following Stipulated Protective Order ("Order") limiting the disclosure and use of certain information and agree to be bound by the terms of this Order as hereinafter provided:

IT IS HEREBY AGREED TO AND ORDERED THAT:

  1. Scope.

  (a) All documents and information furnished by a Party in conjunction with this litigation which contain or are derived from trade secrets or other confidential or proprietary information ("Confidential Information") shall be designated "CONFIDENTIAL" and furnished to the other Parties pursuant to the terms of this Order. Each Party receiving Confidential Information shall not use or disclose the information except in accordance with this Order. The terms of this Order extend to all Confidential Information regardless of the manner in which it is

disclosed, including but not limited to documents, interrogatory answers, responses to requests for admission, deposition transcripts, deposition exhibits, and any other discovery materials produced by a Party.

(b) All documents and information described in Paragraph 1(a) as Confidential Information and which are of such a highly commercially sensitive nature, such as certain documents or information reflecting, containing or derived from confidential pricing, production cost, marketing, customer, or financial information, that the information should be restricted to counsel for the Parties, including their paralegal, investigative, secretarial and clerical personnel who are engaged in assisting such counsel in this litigation (collectively, "Counsel"), or to an outside expert retained for the purposes of consulting and/or testifying in this litigation shall be designated "Highly Confidential-Attorneys' Eyes Only" and furnished to the other Parties pursuant to the terms of this Order, provided that such designations may be objected to as set forth in Paragraph 7 hereof.

2. <u>Designation of Confidentiality</u>. Documents or information may be designated Confidential or Highly Confidential-Attorneys' Eyes Only in the following ways:

(a) In the case of documents, designation shall be made by means of the following legend placed on each page of any such document: "Confidential" or "Highly Confidential-Attorneys' Eyes Only".

(b) In the case of interrogatory answers and responses to requests for admissions, designation shall be made by means of a statement in each answer or response specifying that the answer or response or specific parts thereof are designated Confidential or Highly Confidential-Attorneys' Eyes Only. The following legend shall be placed on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Information or Highly Confidential-Attorneys' Eyes Only Information: "CONTAINS CONFIDENTIAL INFORMATION [OR CONTAINS HIGHLY CONFIDENTIAL-

ATTORNEYS' EYES ONLY INFORMATION]. Designated parts not to be used, copied or disclosed except as authorized by Court Order."

(c) In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information or Highly Confidential-Attorneys' Eyes Only Information shall be made by a statement to such effect on the record during the deposition by counsel for the Party or witness producing such information, or by letter from counsel to the court reporter, with copies to counsel of record, within 14 days of receipt of the deposition transcript or copy thereof. Before the 14-day period (and any agreed-to extension thereof) has passed, the following legend shall be placed on the front of the original deposition transcript and each copy of the transcript: "TREAT AS HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY INFORMATION UNTIL FURTHER DESIGNATION". After the 14-day period (and any agreed-to extension thereof) has passed, the following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information or Highly Confidential-Attorneys' Eyes Only Information: "CONTAINS CONFIDENTIAL INFORMATION [or CONTAINS HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY INFORMATION]. Designated parts not to be used, copied or disclosed except as authorized by Court Order." If all or part of a videotaped deposition is designated as Confidential or Highly Confidential-Attorneys' Eyes Only, the videocassette or other videotape container shall be labeled with the same legend.

(d) Materials filed with the Court containing or reflecting the contents of Confidential Information or Highly Confidential-Attorneys' Eyes Only Information shall be filed under seal in accordance with Local Rule 6.1. If such materials are filed electronically, such filing shall be made in accordance with Local Rule 6.1(G). If hard copies of such materials are filed, such materials shall be in sealed envelopes or other appropriate sealed containers on which

shall be endorsed the caption of the Litigation, a generic designation of the contents, the words "CONFIDENTIAL INFORMATION – SUBJECT TO COURT ORDER" OR "HIGHLY CONFIDENTIAL-ATTORNEYS'EYES ONLY INFORMATION -- SUBJECT TO COURT ORDER", as applicable, and words in substantially the following form:

> This envelope contains documents which are filed in this case by [name of Party] and, by Protective Order dated [ ], the enclosed [name of document], or a portion thereof, has been filed under seal and may not be examined without further Order of the Court.

3. <u>Use of Confidential Information or Highly Confidential-Attorneys' Eyes Only Information</u>. Confidential Information or Highly Confidential-Attorneys' Eyes Only Information shall be used by the non-producing Parties or any other recipient solely for the purpose of conducting this lawsuit and in accordance with the terms of this Order, and shall in no event be used for any business, competitive, personal, private, public or other purpose, except as required by law.

4. <u>Disclosure of Confidential Information</u>. Access to information designated Confidential pursuant to this Order shall be limited to:

(a) Counsel, as defined in paragraph 1(b) of this Order;

(b) outside photocopying, data processing or graphic production services employed to assist in this litigation;

(c) outside experts retained for the purposes of consulting and/or testifying in this litigation;

(d) a Party or any director, officer or employee of a Party charged with the responsibility for making business decisions dealing directly with this litigation;

(e) any person who has been noticed for deposition, or any person who has been interviewed by an attorney of record, or any person whose testimony is taken or is to be taken at

trial in this litigation who in good faith is required to be shown or questioned about such material in order to assist such attorney in the preparation or the conduct of this litigation;

(f) any person who wrote or received the particular document sought to be disclosed (provided that the document has not been altered since that person wrote or received the document), any person who is referenced, discussed, mentioned or has demonstrated working knowledge of the specific subject addressed in the particular document sought to be disclosed, any person currently employed by the producing Party or, with respect to any dated document, any person formerly employed by the producing Party if that person normally would have had access on the date of the document to the specific subject matter contained in the particular document sought to be disclosed to that person, or any person who is testifying in this litigation, as to whom the examining counsel has a good faith belief that the witness possesses relevant information with respect to the document sought to be disclosed to that person;

(g) this Court, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation; and

(h) any other person to whom the Party producing the information agrees in writing.

5. <u>Disclosure of Highly Confidential-Attorneys' Eyes Only Information</u>. Access to information designated Highly Confidential-Attorneys' Only pursuant to this Order shall be limited to:

(a) Counsel as defined in paragraph 1(b) of this Order;

(b) outside photocopying, data processing or graphic production services employed to assist in this litigation;

(c) outside experts retained for the purposes of consulting and/or testifying in this litigation;

(d) this Court, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation; and

(e) any other person to whom the Party producing the information agrees in writing.

6. <u>Notification Of Confidentiality Order.</u>  Confidential Information and Highly Confidential-Attorneys' Eyes Only Information shall not be disclosed to persons described in paragraphs 4(c)-(f), 4(h), 5(c) or 5(e) unless and until such person has executed an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A.

7. <u>Objections to Designations</u>.  A Party shall not be obligated to object to the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent objection.  In the event a Party objects to the propriety of a Confidential Information designation, counsel for the objecting Party shall confer with opposing counsel in a good faith attempt to resolve the objection.  If the Parties are unable to resolve the objection, the objecting Party may move the Court for a ruling, in which case the producing Party shall have the burden of supporting its designation.  Any material subject to such a motion shall be treated in accordance with its putative designation pending resolution of the dispute.

8. <u>Use of Confidential Information or Highly Confidential-Attorneys' Eyes Only Information at Trial or Hearing</u>.  Subject to the Federal Rules of Evidence and further Orders of the Court, a Party may use any Confidential Information or Highly Confidential-Attorneys' Eyes Only Information for any purpose at trial or at any hearing before the Court, provided that, in the case of Highly Confidential-Attorneys' Eyes Only Information, reasonable advance notice is given to counsel for the producing Party, and provided further that such counsel may at the time of such proposed use, and prior to disclosure, move for an appropriate protective order.

9. <u>Preservation of Rights and Privileges</u>.  Nothing contained in this Order shall affect any right of a Party or witness to make any other type of objection, claim, or other response to discovery requests.  Nor shall this Order be construed as a waiver by a Party of any privilege to withhold any Confidential Information or Highly Confidential-Attorneys' Eyes Only Information, or of any right which a Party may have to assert such privilege at any stage of this litigation.

10. <u>Return of Materials</u>.  Upon completion of this litigation, all Confidential Information and Highly Confidential-Attorneys' Eyes Only Information, including copies, shall, at the option of the producing Party, be returned to the producing Party or destroyed with certification by the other Party of its destruction of that information.

11. <u>Inadvertent or Unintentional Disclosure.</u>  The inadvertent or unintentional disclosure of Confidential Information or Highly Confidential-Attorneys' Eyes Only Information, or information subject to a claim of privilege, including, but not limited to, the attorney-client privilege or work product doctrine (an "Inadvertently Produced Privileged Document"), regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality or privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.  Upon learning of an inadvertent or unintentional disclosure of Confidential Information, Highly Confidential-Attorneys' Eyes Only Information or an Inadvertently Produced Privileged Document, the producing Party shall within ten days designate such information as Confidential, Highly Confidential-Attorneys' Eyes Only, or assert a claim of privilege.  Nothing contained within this paragraph prevents a Party from challenging any such designation pursuant to the procedures contained in paragraph 7 of this Order.

12. A Party's compliance with the terms of this Order shall not operate as an admission regarding the confidentiality, admissibility, or privileged nature of any particular document or information.

13. Upon the final resolution of this litigation, the provisions of this Order shall continue to be binding. The Court retains jurisdiction over this action for enforcement of this Order.

Max O. Cogburn Jr.
United States District Judge

Stipulated to by:

/s/ Deborah J. Bowers
Deborah J. Bowers
N.C. Bar No. 24937

PINTO COATES KYRE & BOWERS, PLLC
3203 Brassfield Road
Greensboro, North Carolina 27410
Telephone: (336) 282-8848
Facsimile: (336) 282-8409
Email address: dbowers@pckb-law.com

/s/ R. Steven DeGeorge
R. Steven DeGeorge
N.C. Bar No. 20723

ROBINSON BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
sdegeorge@rbh.com

*Attorneys for Plaintiff American & Efird LLC*

/s/ John J. McCarthy
John J. McCarthy

DOHERTY, WALLACE, PILLSBURY & MURPHY, PC
1414 Main Street, 19th Floor
Springfield, Massachusetts 01144
Telephone: (413) 733-3111
Facsimile: (413) 734-3910
Email address: jmccarthy@dwpm.com

*Admitted Pro Hac Vice*

*Attorneys for Defendant/Third-Party Plaintiff Pittsfield Plastics Engineering, Inc.*

/s/ Russell M. Racine
Russell M. Racine
N.C. Bar No. 33593

DEAN GIBSON HOFER & NANCE, PLLC
301 S. McDowell Street, Suite 900
Charlotte, North Carolina 28204-2686
Telephone: (704) 372-2700
Facsimile: (704) 372-1804
Email address: rracine@deanandgibson.com

*Attorneys for Third-Party Defendant Metro Plastics, Inc.*

EXHIBIT A

## CERTIFICATION

I have read the annexed Stipulation and Protective Order, understand its contents, and hereby undertake to make no disclosures of any materials designated Confidential Information or Highly Confidential-Attorneys' Eyes Only Information to any person who is not permitted to have access to such materials by the Stipulation and Protective Order. In addition, I agree not to use any materials designated Confidential Information or Highly Confidential-Attorneys' Eyes Only Information for any purpose other than assistance in this litigation. I understand that a violation of this undertaking could be punishable as a contempt of court.

Date _____     Name _____

                                                   Signature _____

Sworn and subscribed before me
This ____ day of _____, 20___

_____
             Notary Public